| iNORRIS, Judge.
Michael Dobbins was charged by bill of information with four counts of aggravated battery, arising from an altercation at a party. He proceeded to trial, in which the six-member jury found him guilty ás charged on ■two counts, guilty of second degree battery on one count, and not guilty on the remaining count. He was adjudicated a second felony offender and sentenced.[1] He now appeals, *448 urging that the District Court erred in its rulings on two Batson objections and in adjudicating him a second felony offender. Finding merit in one of his Batson arguments, we reverse and remand.

Procedural background

[2]

Out of the initial venire of 18 prospective jurors, two were subjected to peremptory challenges that are now the subject of assignments of error: Erie M. Hall, a black man, and Terri Odenbaugh, a white woman.
Hall testified, in response to questioning by the court, that he lives in Jonesboro, is a security guard at Stone Container.Corporation, and is single with a three-year-old son. Questioned by the prosecutor, Hall stated that he had been a security guard for about three years and that he did not know Dobbins; he neither admitted nor denied that he “may be involved in some support case,” but said there was no reason why he could not be a fair and impartial juror. Questioned by the defense, Hall stated that his first cousin, Brenda Calahan, worked in law enforcement, but said this would not affect his decision in the case. The State peremptorily challenged Hall; the court granted it. Dobbins lodged[3] an objection ^pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The court stated that it had granted the peremptory challenge because of pending criminal charges being prosecuted by the D.A.’s office against Hall.[4] Defense counsel asserted that the case against Hall was only “child support enforcement,” and the prosecutor conceded that it was “an open child support ease.” The court granted the challenge and Hall did not serve on the jury. This is the basis of Dobbins’s first assignment of error.
Ms. Odenbaugh testified, in general questioning by the court, that she lives in Jones-boro, works at Louisiana Tech, and is married with a four-year-old child. In response to questioning by the defense, she stated that her first cousin, Shelton Coleman, was a State Trooper who lived in Jackson Parish but worked in the Alexandria area. She said this relationship would not affect her decision in the case. The court initially excused Ms. Odenbaugh after taking peremptory challenges,[5] but then returned her to the panel with the ruling that it would disallow the defendant’s challenge. The defense objected to this ruling, stating that Ms. Odenbaugh had “executive type” employment and a first cousin on the State Police. The court ruled that “none of the reasons given by defense counsel came close to a reason to excuse the juror,” and Ms. Odenbaugh served on the jury. This is the basis of Dobbins’s second assignment of error.

Applicable law

The Equal Protection clause of the Fourteenth Amendment prohibits the State and the defendant from challenging potential jurors solely on account of their race. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992); see also La.C.Cr.P. art. 795 C. |3Either the prosecutor or defense counsel may raise a Batson objection, but the objecting party is required to establish a prima facie case of purposeful discrimination. Such a prima facie case is shown when the pertinent circumstances raise an inference that defense counsel or the prosecutor used peremptory challenges to exclude venire mem *449 bers of a cognizable racial group from serving on the jury solely because of race. State v. Collier, 553 So.2d 815 (La.1989); State v. Rose, 606 So.2d 845 (La.App. 2d Cir.1992). Once the objecting party makes its prima facie case, the burden shifts to the party who lodged the peremptory challenge to come forward with a race-neutral explanation for the challenge. The explanation need not rise to the level of a challenge for cause, but it may not be based on the assumption or intuitive judgment that the excused venire member would not be impartial because of his or her racial identity. The explanation must be clear, racially neutral, reasonably specific and related to the case at bar. State v. Collier, supra; State v. Wilson, 25,775 (La.App. 2d Cir. 2/23/94), 632 So.2d 861. With the objecting party’s prima facie case and the challenging party’s rebuttal, the trial court must determine whether the objecting party has established purposeful discrimination. State v. Powell, 598 So.2d 454 (La.App. 2d Cir.), writ denied 605 So.2d 1089 (1992). The trial court’s determination is entitled to great discretion. Batson v. Kentucky, supra at note 21; State v. Collier, supra. However, the absence of discrimination in making some decisions will not immunize the challenging party from its conduct in others. 476 U.S. at 95, 106 S.Ct. at 1722; State v. Poivell, supra.

Discussion

By his first assignment Dobbins urges the trial court erred in allowing the State to peremptorily challenge only black males and in sustaining a challenge against Eric Hall, a black man who had only a rule for child support pending | .¡against him. Because the prosecutor offered an explanation for this peremptory challenge and the court ruled on the issue of intentional discrimination, the threshold issue of whether Dobbins made a prima facie showing is moot. Hernandez v. New York, 500 U.S. 352, 359, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991).
 The remaining issue is whether the State’s explanation was truly race-neutral. In support of the claim that it was pretextual, Dobbins urges that the trial court was “under the apparent impression” that criminal charges were pending against Hall, an impression that was mistaken by the prosecutor’s own admission. The commencement of civil action by the district attorney or the Department of Social Services for unpaid child support, however, is certainly a circumstance that could create a potential for bias against the prosecution.[6] The existence of the support proceeding against the venire member is generally a sufficient race-neutral explanation for challenging a juror. State v. Poivell, supra, and citations therein.
Dobbins further argues that the court made no credibility evaluation of Hall, thus removing the decision from the court’s great discretion. However, both defense counsel and the prosecutor agreed that Hall was involved in a civil support case. The court obviously made an implicit finding that despite his assertion that nothing would affect his judgment in the case, the pending support case posed a sufficient threat to his objectivity to support the peremptory challenge. We perceive no abuse of discretion. This assignment lacks merit.
By his second assignment Dobbins urges the trial court erred in rejecting his peremptory challenge of Ms. Odenbaugh. He argues that he offered a race- and gender-neutral explanation for his challenge, viz. the fact that her first cousin was a State Trooper. In support he cites State v. Wilson, supra, which holds that a prospective juror’s personal connections to and relatiom ships with law enforcement | Bpersonnel must be carefully scrutinized. ■ We find that this assignment has merit.
In State v. Wilson, supra, this court held that personal connection to and relationships with law enforcement personnel will not automatically disqualify for cause prospective jurors from serving on a jury. We further held, however:
In the context of peremptory challenges, ⅜ ⅜ * potential partiality because of such relationship is a sufficient racially neutral reason for a peremptory challenge. State v. Rose, supra; State v. Crandell, 604 So.2d 123 (La.App. 2d Cir.1992).
The State seeks to distinguish the instant case from Wilson, supra, by arguing that the *450 relationship in Wilson was closer (the relative was the prospective juror’s father, not a cousin), as were the relative’s connections to the case (the father’s friends might have been called to testify at Wilson’s trial). While these observations are valid, they do not diminish the fact that the relationship is facially race- and gender-neutral. Notably, the prosecutor did not convey these distinctions, or any reasons at all, to the district court, and the court’s ruling does not address the specifics of the objection.
In Wilson, supra, and State v. Mamon, 26,337 (La.App. 2d Cir. 12/16/94), 648 So.2d 1347, the defendant and prosecutor (respectively) lodged peremptory challenges of prospective jurors who had relatives in law enforcement. The district courts sustained the challenges, and this court found no Batson violations, holding that the relationship was a race- and gender-neutral explanation. In the instant case the defendant peremptorily challenged a prospective juror with a first cousin in law enforcement. The relationship creates a potential partiality which it was incumbent upon the State to rebut. We find nothing in the instant record that will belie Dobbins’s race- and gender-neutral explanation. In the absence of an explanation by the State and factual ruling by the court, there is no ground for vesting the court’s ruling with great discretion.
We are therefore constrained to find that the district court erred in failing to |6grant Dobbins’s peremptory challenge to Ms. Odenbaugh. This action denied Dobbins the right to exercise his peremptory challenge and is reversible error. State v. Wilson, supra; State v. Kennedy, 584 So.2d 702 (La.App. 2d Cir.1991), writ denied 590 So.2d 589 (1992). The conviction will therefore be reversed, the sentence vacated, and the matter remanded for further proceedings.

Conclusion

Because of the resolution of the Batson issue, we pretermit analysis of Dobbins’s remaining assignment of error.
REVERSED AND REMANDED.

. The sentence was 12 years at hard labor on each count of aggravated batter)' and eight years on the count of second degree battery. All were to be concurrent. R.p. 253.

. Because of the resolution of the case on procedural grounds we pretermit discussion of the facts of the offense.

. The objection itself was made off the record at a bench conference. The court allowed the defendant to make a prima facie case and ruled on the objection. R.pp.- 72-74. Nevertheless we feel the better procedure would be for the court to make arrangements that the objection and three-step Batson process all be included on the record. This would obviate the potential problems noted in State v. Aubrey, 609 So.2d 1183, 1186 (La.App. 3d Cir.1992), and State v. Maize, 94 0736 (La.App. 1st Cir. 5/5/95), 655 So.2d 500, at fn. 4.

. The court also denied the State’s peremptory challenge of another juror, Jerry Evans, a black man.

. Again, the actual lodging of the peremptory challenge was off the record. The court does not appear to have required the State to place on the record a prima facie case of race or gender based discrimination.

. A defendant who fails to pay pursuant to a court order may be incarcerated for contempt for up to 90 days and fined up to $500. La. R.S. 46:236.6 B.